UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| MICHAEL T. HENDERSON, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No.: 3:11-cv-147 |
| | ) | (VARLAN/SHIRLEY) |
| DAVID OSBORNE, Warden, | ) | |
| | ) | |
| *Respondent*. | ) | |

## AMENDED MEMORANDUM

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Michael T. Henderson ("petitioner"). The matter is before the Court on the motion to dismiss filed by the Attorney General for the State of Tennessee on behalf of the respondent, and petitioner's response thereto. For the following reasons, the motion to dismiss [Doc. 8[1]] will be **GRANTED** and this action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

In considering petitioner's state habeas corpus petition, the Tennessee Court of Criminal Appeals summarized the history of petitioner's state convictions as follows:

> On August 14, 1992, the Knox County Criminal Court entered a judgment convicting the petitioner of grand larceny in case number 37243 and of burglary in case number 35050. The court imposed a three-year sentence in case number 35050 and a two-year sentence in case number 37243, to be served consecutively for a total effective sentence of five years. In addition,

---

[1]This Memorandum is amended to correct the document number of the motion to dismiss. The Memorandum remains the same as the original in all other respects.

the judgments for both indicated a probationary period of five years, and both judgments stated that the probation period would expire on August 14, 1997.

Based upon recitations contained in Knox County Criminal Court orders, copies of which were appended to the petition for habeas corpus relief now under review, that court revoked the petitioner's probation in case numbers 37243 and 35050 on February 19, 1993, and placed the petitioner on "the Intensive Supervision Program ... to expire March 6, 1997."

On November 22, 1993, in case number 50650, the Knox County Criminal Court entered a judgment convicting the petitioner of burglary and sentencing him to four years "on Intensive Supervised Probation ... to expire March 6, 2001." The judgment further provided that the four-year sentence would run consecutively to case number 37243.

On May 17, 1996, the State obtained a violation of probation warrant in several of the petitioner's cases, including the three identified above. At the June 7, 1999 revocation hearing, the petitioner submitted to the violations, and the record contains orders of the conviction court revoking the petitioner's probation in case numbers 37243 and 35050. The orders did not mention case number 50650 in which the four-year suspended sentence had been imposed.

On April 30, 2001, in case number 67871A, the Knox County Criminal Court entered a judgment convicting the petitioner of attempt to commit first degree murder and imposing a sentence of 15 years to be served in the Department of Correction consecutively to the sentences imposed in case numbers 37243 and 50650. The judgment made no mention of the three-year sentence imposed in case number 35050 but does contain a notation that the petitioner's sentence in that case "shall begin on February 22, 2001."

On April 21, 2004, the petitioner filed a petition for habeas corpus relief claiming that (1) the judgment in case number 37243 was void because it imposed consecutive sentencing but concurrent terms of probation with case number 35050, (2) the judgment in case number 50650 was void because it imposed consecutive sentencing but concurrent terms of probation with case number 37243, and (3) his 1999 probation revocation in case number 35050 was void because the sentence in that case expired before the issuance of the 1996 violation warrant.

2

*Henderson v. State*, No. E2009-01563-CCA-R3-HC, 2010 WL 5550658 at *1 (Tenn. Crim. App. Dec. 30, 2010), *perm. app. denied, id.* (Tenn. March 9, 2011) [Memorandum in Support of Motion to Dismiss, Attachment 1, Appendix].

The state habeas court granted partial relief:

> The habeas corpus court held that the Knox County Criminal Court, when revoking the petitioner's probation in case numbers 35050, 37243, and 50650, had "sentenced the [d]efendant to a total of five (5) years on the violations of probation then pending." It held that the Tennessee Department of Correction had erroneously determined that the petitioner was serving a nine-year sentence and declared that the effective sentence is five years. The court denied any further relief. The State then appealed.

*Id*. at *2. The Tennessee Court of Criminal Appeals reversed the grant of partial relief with respect to Case Number 50650, finding as follows:

> In this habeas corpus proceeding, the petitioner did not establish that the Knox County Criminal Court lacked jurisdiction to enter its judgment in case number 50650 on November 22, 1993. The judgment affirmatively expressed the four-year sentence was to be served consecutively to the two-year sentence in case number 37243 which, in turn, was consecutive to the three-year sentence in 35050. The total effective sentence was nine years. We discern no basis for holding that this judgment was void. Indeed, we cannot even conclude that the habeas corpus court held it to be void. Thus, we hold that the judgment in case number 50650 is not subject to habeas corpus relief, and on this point the order of the habeas corpus court is reversed. The judgment imposes a four-year sentence to run consecutively to the earlier effective sentence of five years.

*Id*. at *3. The Court of Criminal Appeals affirmed the denial of relief on petitioner's other claims. *Id*. at **3-4.

Petitioner filed the pending federal habeas corpus petition on March 30, 2011. He alleges that his probation in Case Number 50650 was revoked on January 17, 1997, that the

3

trial court erred in extending his probation by four years, instead of the statutory mandatory two years, and that the judgment is thus void. The Attorney General moves to dismiss the habeas corpus petition as untimely. In his response to the motion to dismiss, petitioner reiterates his contention that the four-year extension of probation in Case Number 50650 violated state law; he does not address the claim that the petition is time-barred.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

There is nothing in the record, and petitioner does not aver, that he appealed or sought post-conviction relief on his conviction. Accordingly, his judgment of conviction in Case Number 50650 became final in 1993. Because petitioner's sentence was imposed prior to the AEDPA, the time for filing a § 2254 motion challenging the conviction expired April 24, 1997, which is one year from the effective date of the AEDPA. *Carey v. Saffold*, 536 U.S. 214, 217 (2002).

Petitioner did file a state habeas petition on April 21, 2004, which was concluded on March 9, 2011, when the Tennessee Supreme Court denied permission to appeal the decision

4

of the Tennessee Court of Criminal Appeals. At the time petitioner filed his state habeas petition, however, the time for filing a federal habeas corpus petition had long expired.

Petitioner's habeas corpus petition was not timely filed and is barred by the statute of limitation. Accordingly, the motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE